[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on February 10, 1991. There are no minor children issue of the marriage. Both parties have resided in this State for at least one year prior to the date of this complaint.
No useful purpose would be served by a review of the evidence presented. Unfortunately, the parties were unable to resolve their marital difficulties in this very short marriage.
The evidence presented at trial has clearly established that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground. The court declines to assess fault to either party for the breakdown of their marriage.
The Court has carefully considered the statutory criteria set forth in Section 46b-81 and Section 46b-82 of the Connecticut General Statutes in reaching the decision reflected in the orders that follow.
The plaintiff husband is 37 years of age. He has been employed at Sikorsky's for over 16 years. He earns a gross of approximately $940.00 per week. The plaintiff cosigned on a mortgage with the defendant on the defendant's home to enable the defendant to refinance and buy out her former husband's share of the marital home. The plaintiff has no legal title to the family home. He contributed to the home during the marriage. Both parties have children from their former marriages. The plaintiff pays child support of $195. per week for his children of his former marriage.
The defendant wife is 39 years of age and in good health. She earns a gross of $319. per week and a net of $234. per week. She also receives child support in the amount of $120 per week. An older son pays her $100 per week for Room and Board.
The following orders shall enter: CT Page 10675
1. The plaintiff shall pay to the defendant a lump sum of $1500. as agreed, for the airplane tickets, within 60 days of date. If the plaintiff is unable to pay the lump sum of $1500 within 60 days of date, then the defendant shall pay $30 per week commencing January 6, 1995 until such time as the $1500 is paid in full.
2. The plaintiff shall have no interest in the Real Estate located at 6 Hawkins Road, Ansonia, Connecticut. The defendant shall be entitled to sole and exclusive possession of said premises. The defendant shall hold the plaintiff harmless from any and all liability with respect to the mortgage presently on the premises at 6 Hawkins Road, Ansonia, Connecticut. The defendant shall be responsible for the taxes, insurance and mortgage payments and in the event of any deficiency judgment, the defendant shall hold the plaintiff harmless therefrom.
3. Commencing October 14, 1994 the plaintiff shall pay to the defendant as alimony the sum of $30. per week. Said alimony shall terminate upon the earliest of the death of the of plaintiff, the death of the defendant, her remarriage or cohabitation or one year from October 14, 1994. Said amount and term of alimony shall be non modifiable.
4. Each party shall be responsible for the debts listed on their respective financial affidavits.
5. Each party shall be entitled to whatever assets they have in their respective possession.
6. The Court finds there is an arrears on the Pendente Lite Orders of $1180. as of October 14, 1994. Said arrears shall be paid at the rate of $20. per week commencing October 14, 1994. Said amount is subject to an audit.
7. An immediate withholding is ordered to secure the weekly award of alimony and weekly payment on the arrears. The immediate withholding shall be in the amount of $50. per week.
8. The Pendente Lite Order of Counsel Fees in the amount of $350. plus $52.50 costs as ordered on September 6, 1994 has not been paid as of this date. Said total amount of $402.50 shall be paid by the plaintiff within 60 days of date.
9. No other counsel fees are awarded to either party. CT Page 10676
10. Defendant is granted a change of name to Debra A. Flach.
11. The plaintiff is entitled to his Pension at Sikorsky's.
COPPETO, J.